**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MELISSA P. FISCHER, | Civil Action No. _____ |
| Plaintiff, | |
| v. | |
| FARRELL AREA SCHOOL DISTRICT, | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Melissa P. Fischer, by undersigned counsel, files this Complaint, and in support thereof, avers as follows:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. §§12101, *et seq*. and 28 U.S.C. §§ 1331 and 1343(a)(4).

### II. Venue

2. Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in Mercer County.

### III. Administrative Exhaustion

3. Plaintiff has satisfied all procedural and administrative requirements set forth in 42 U.S.C. §12102, *et seq*. in that:

    a. On or about July 20, 2023, Plaintiff filed a timely charge alleging disability discrimination with the Equal Employment Opportunity Commission (EEOC), which was cross-filed as a complaint with the Pennsylvania Human Relations Commission (PHRC).

    b. Plaintiff received a Dismissal and Notice of Rights from

the EEOC on February 8, 2024.

    c.    This case was filed within 90 days of receipt of the Dismissal and Notice of Rights.

## IV. The Parties

4. Plaintiff, Melissa P. Fischer, is an adult individual residing at 1047 Woodland Place, Sharon, Pennsylvania 16146.

5. Defendant, Farrell Area School District, is a School District organized under the Pennsylvania Public School Code of 1949, having its business offices located at 1600 Roemer Blvd., Farrell, Pennsylvania 16102.

6. At all times relevant hereto, Defendant is and was an employer within the meaning of the ADA, 42 U.S.C. §§ 12111(2) and (5)(A), in that they are an employer engaged in an industry affecting interstate commerce and have 15 or more employees for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

7. At all times relevant hereto, Defendant acted or failed to act by and through their duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## V. Factual Background

8. Fischer began working for Defendant on August 18, 2003 as a Learning Support Teacher.

9. Fischer is a covered individual with a disability given her condition of Multiple Sclerosis, which causes her significant impairment of major life activities such as walking, standing and climbing stairs.

10. Defendant was aware of Fischer's disability.

11. Defendant assigned Fischer to the High School from her date of hire through the end of the 2020-2021 school year.

12. Defendant's Special Education Director, John Seybert, reassigned Fischer to the Elementary School, first floor, for the 2021-22 school year, as a Life Skills Support Teacher.

13. Defendant reassigned Fischer to the Elementary School, even though less tenured Life Skills Support Teachers could have been reassigned instead of Fischer.

14. Defendant's Elementary School is not handicapped accessible because:

   a. the parking lot does not have close handicapped parking spots as the nearest spot is approximately 100 yards from the entrance;

   b. there are no handrails at the entrances of the building; and

   c. the layout of the building required Fischer to go up a flight of stairs, then down a flight of stairs before being able to get outside during fire drills.

15. In June 2022, Fischer complained to Sybert about the lack of handicap accessibility of the Elementary School and requested from Seybert the reasonable accommodation of returning to the High School because it was much easier for Fischer to navigate the physical layout of the building.

16. Seybert ignored Fischer's request.

17. Instead of providing Fischer a reasonable accommodation, Seybert re-assigned Fischer to the 2nd floor of the Elementary School for the 2022-23 school year, which would only cause Fischer more difficulty and hardship by having to navigate the

building by having to climb another set of stairs each day.

18. Defendant's failure to provide Fischer with reasonable accommodation caused Fischer to take a leave of absence using her accrued sick time from the start of the 2022-23 school year until February 28, 2023, when her sick time was exhausted.

19. Fischer's accrued sick days ended on February 28, 2023 causing Fischer to request reasonable accommodation of being placed on a medical sabbatical for the remainder of the 2022-23 school year.

20. In March 2023, Fischer's union representative said that Defendant's Superintendent, Laura Adams King, denied Fischer's request for a medical sabbatical and that Fischer had to resign or be terminated.

21. Fischer, therefore, was constructively discharged by being forced to resign because Defendant failed to provide Fischer with reasonable accommodation.

### COUNT I
### Americans With Disabilities Act
### 42 U.S.C. § 12112(b)
### Failure to Accommodate

22. Plaintiff incorporates by reference the allegations of paragraphs 1 through 21 as if fully restated herein.

23. Defendant denied Fischer's requests for reasonable accommodations of being reassigned to the High School for the 2022-23 school year and/or being placed on a medical sabbatical for the remainder of the 2022-23 school year, despite Fischer's known disability in violation of Section 102(b) of the ADA, 42 U.S.C. § 12112(b)(5)(A), and 12112(b)(5)(B).

24. Defendant has a duty to provide Fischer with reasonable accommodations.

25. Defendant breached its duty to provide Fischer with reasonable accommodations because it failed to engage in a good faith in the mandatory interactive process with Fischer when:

    a. Defendant knew about Fischer's disability;

    b. Fischer requested accommodations or assistance for her disability;

    c. Defendant did not make a good faith effort to assist Fischer in seeking accommodations; and

    d. Fischer could have been reasonably accommodated but for Defendant's lack of good faith.

26. Defendant's actions of denying Fischer's requests for reasonable accommodations for Fischer's known disability were undertaken with reckless indifference to Fischer's federally protected right to be employed without regard for her disability.

27. As a direct result of Defendant's discriminatory actions in violation of the ADA, Fischer has lost wages and other economic benefits of employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff requests the following:

    a. That Defendant be ordered to place Plaintiff into the position she should have had but for Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages, she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

    c.    That Defendant be required to provide Plaintiff with front pay if the Court determines placing Plaintiff in a similar position is not feasible;

    d.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's expected retirement date;

    e.    That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

    f.    That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the ADA;

    g.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

    h.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## COUNT II
## Americans With Disabilities Act
## 42 U.S.C. § 12112(a)
## Disability Discrimination

28. Plaintiff incorporates by reference the allegations of paragraphs 1 through 27 as if fully restated.

29. Fischer is a qualified individual with a disability within the meaning of the ADA.

30. Defendant discriminated against Fischer because of her disability, record of disability and/or perceived disability when it:

    a.    assigned Fischer to a handicapped inaccessible building for the 2021-22 school year;

    b.    assigned Fischer to a handicapped inaccessible building for the 2022-23 school year; and

   c.  constructively discharged Fischer because of her disability.

31. Defendant's actions were taken because of Fischer's disability, record of disability and/or perceived disability were undertaken with reckless indifference to Fischer's federally protected right to be employed without regard for her disability.

32. As a direct result of Defendant's discriminatory actions in violation of the ADA, Fischer has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff requests the following:

 a. That Defendant be ordered to place Plaintiff into the position she should have had but for Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

 b. That Defendant be required to compensate Plaintiff for the full value of wages, she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

 c. That Defendant be required to provide Plaintiff with front pay if the Court determines placing Plaintiff in a similar position is not feasible;

 d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's expected retirement date;

 e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

 f. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by

the ADA;

g.  That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

h.  That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## COUNT III
## Americans With Disabilities Act
## 42 U.S.C. § 12112(a)
## Disability Retaliation

33. Plaintiff incorporates by reference the allegations of paragraphs 1 through 32 as if fully restated.

34. Fischer is a qualified individual with a disability within the meaning of the ADA.

35. Defendant terminated Fischer because of her protected activity of requesting reasonable accommodations in violation of Section 102(a) of the ADA, 42 U.S.C. §12112(a).

36. Defendant's actions of terminating Fischer because of her protected activity of requesting reasonable accommodation to Fischer's known disabilities was undertaken with reckless indifference to Fischer's federally protected right to be employed without retaliation for engaging in said protected activity.

37. As a direct result of Defendant's discriminatory actions in violation of the ADA, Fischer has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff requests the following:

a. That Defendant be ordered to place Plaintiff into the position she should have had but for Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Plaintiff for the full value of wages, she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

c. That Defendant be required to provide Plaintiff with front pay if the Court determines placing Plaintiff in a similar position is not feasible;

d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's expected retirement date;

e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the ADA;

g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

h. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

*/s/ Colleen E. Ramage*
Colleen E. Ramage
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

Ramage Lykos, LLC
525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700 – phone
(412) 325-7755 – fax

cramage@ramagelykos.law
nlykos@ramagelykos.law

Attorneys for Plaintiff